UNITED STATES DISTRICT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____-Civ (USDCJ)

```
*****************************************
NATIONAL LABOR RELATIONS BOARD   *
                                 *
            Applicant            *
                                 *
      v.                         *
                                 *
ONE LIFESTYLE MANAGEMENT, LLC    *
ALIBI WILTON MANORS              *
*****************************************
```

## APPLICATION FOR ORDER REQUIRING
## OBEDIENCE TO SUBPOENA DUCES TECUM

The National Labor Relations Board (Applicant or the Board), by its Acting General Counsel, and by David Cohen, Regional Director for Region 12, respectfully moves this Honorable Court, pursuant to Section 11(2) of the National Labor Relations Act (the Act), 29 U.S.C. § 161(2), for an order requiring One Lifestyle Management, LLC (Respondent) to obey the subpoena duces tecum issued by the Board and duly served upon Respondent in the manner provided by law. The subpoena seeks evidence that is relevant to the investigation of an unfair labor practice charge pending before the Board. In support of this application, upon information and belief, the Board respectfully shows as follows:

1. Applicant is an administrative agency of the Federal Government, created by the National Labor Relations Act, herein called the Act, 29 U.S.C. § 151 et seq., and is empowered and directed to administer the provisions of the Act, including the investigation of unfair labor practices alleging violations of Section 8 of the Act, 29 U.S.C. § 158.

2. Upon information and belief, One Lifestyle Management, LLC, a Florida limited liability company, is an employer engaged in interstate commerce within the meaning of Section 2(6) and (7) of the Act, 29 U.S.C. § 152(6) and (7).

3. Jurisdiction is conferred on this Court by Section 11(2) of the Act, 29 U.S.C. § 161(2), giving the District Courts jurisdiction to issue orders, upon application of the Board, to enforce subpoenas issued by the Board.

4. Jurisdiction is also conferred on this Court by 28 U.S.C. § 1337, giving the District Courts original jurisdiction "of all suits and proceedings under any law regulating commerce," without regard to citizenship of the parties or the sum or value in controversy.

5. Respondent's work location involved in this proceeding is at 40304 Fisher Island Drive, Miami Beach, Florida, within this judicial district, where Respondent is engaged in property management services.

6. This application arises as a result of the investigation of an unfair labor practice charge filed against Respondent, alleging that Respondent engaged in violations of the Act. The charge was filed and is being investigated pursuant to Sections 3(d) and 10(b) of the Act, 29 U.S.C. § 153(d) and 29 U.S.C. § 160(b), respectively; Sections 102.9 and 102.10 of the Board's Rules and Regulations, 29 C.F.R. § 102.9 and 29 C.F.R. § 102.10, respectively; and Sections 101.2 and 101.4 of the Board's Statement of Procedures, 29 C.F.R. § 101.2 and 29 C.F.R. § 102.4, respectively.

7. In furtherance of the broad Congressional purpose set forth in Section 1(b) of the Act, 29 U.S.C. § 151(b), of promoting the full flow of commerce, Section 10(b) of the Act, 29 U.S.C. § 160(b) provides that whenever it is charged that any person has engaged in or is engaging in any unfair labor practice, the Board, or any agent designated by the Board for such purposes, has the

authority to issue and cause to be served upon such person a complaint stating the charges and directing a hearing before the Board.

8. Section 3(d) of the Act, 29 U.S.C. § 153(d), authorizes the Acting General Counsel of the Board to conduct investigations of unfair labor practice charges and to issue complaints under Section 10 of the Act.

9. Sections 102.9 and 102.10 of the Board's Rules and Regulations, 29 C.F.R. §§ 102.9 and 102.10, provide that an unfair labor practice charge may be filed by any person, with the Regional Director for the Region of the Board in which the alleged unfair labor practice has occurred or is occurring.

10. Sections 101.2 and 101.4 of the Board's Statement of Procedures, 29 C.F.R. §§ 101.2 and 101.4, set forth procedures for the initiation of unfair labor practice charges and the investigation of unfair labor practice charges by the Regional Office in which the alleged violation of the Act has occurred or is occurring.

11. On May 9, 2024, Service Employees International Union, Local 32BJ (the Charging Party), filed an unfair labor practice charge against Respondent with the Board's Region 12 office in Miami, Florida, alleging that Respondent violated Section 8(a)(1) of the Act, 29 U.S.C. § 158(a)(1), by failing and refusing to recognize the Charging Party as the exclusive collective-bargaining representative of an appropriate unit of its employees. On May 9, 2024, the Charging Party amended the unfair labor practice charge to add an allegation that Respondent violated Section 8(a)(1) of the Act, 29 U.S.C. § 158(a)(1), by telling the Charging Party that they don't have permission to talk to Respondent's employees.

12. The proceeding instituted by the unfair labor practice charge described above in paragraph 11 is known in the records of the Board as Case 12-CA-341923. Copies of the original

and amended Unfair Labor Practice Charge in Board Case 12-CA-341923 are attached as Exhibits 1 and 2 respectively.

13. By letter dated July 12, 2024, a Region 12 agent investigating the charge in Board Case 12-CA-341923 requested that by July 26, 2024, Respondent provide its response to the allegations in the charge, including documents related to the investigation of the merits of the charge in Board Case 12-CA-341923. A copy of the July 12, 2024 letter is attached as Exhibit 3. Respondent did not respond or provide any of the requested documents by the July 26, 2024 deadline.

14. By electronic mail message dated August 30, 2024, to Respondent's President/Principal Jason Randolph, a Region 12 agent followed up with Respondent about their response to the charge, reiterated the request for documents related to the merits of the allegations in the charge, and requested Respondent's position on the appropriateness of injunctive relief. Respondent was given until September 6, 2024, to respond. A copy of the August 30, 2024 email is attached as Exhibit 4. Respondent did not respond.

15. By electronic mail message dated September 5, 2024, to Respondent's general electronic mailing address, a Region 12 agent informed Respondent that the agent was trying to reach President/Principal Jason Randolph regarding Respondent's response to the allegations in the charge. A copy of the September 5, 2024 email is attached as Exhibit 5. Respondent did not respond.

16. On September 16, 2024, a Region 12 agent called Respondent and left a message requesting a return call regarding Respondent's response to the allegations in the charge. Respondent did not call back.

17. On September 26, 2024, by U.S. regular mail, a Region 12 agent issued a letter to Respondent requesting additional information in response to the allegations in the charge by October 4, 2024. A copy of the letter issued on September 26, 2024 is attached as Exhibit 6. Respondent did not respond nor provide the requested information.

18. After Respondent failed to voluntarily cooperate with the requests to provide documents relevant to the investigation and determination of the merits of the charge in Case 12-CA-341923, as described above in paragraphs 13 through 17, on November 4, 2024, the Regional Director for Region 12 of the Board caused subpoena duces tecum no. B-1-1MWVHNZ to be served upon the Custodian of Records of Respondent, pursuant to Section 11(1) of the Act, 29 U.S.C. § 161(1), directing Respondent's Custodian of Records to appear and testify before a Board agent and directing Respondent to produce the documents set forth in the subpoena at the Board's Region 12 office at 10:00 a.m. on November 20, 2024. A copy of subpoena duces tecum B-1-1MWVHNZ is attached as Exhibit 7.

19. Respondent was served with subpoena duces tecum B-1-1MWVHNZ by certified mail. A copy of the certified mail receipt and certified mail return receipt (green card) no. 7010 0290 0001 0076 9583 and the U.S. Postal Service tracking report also showing delivery and receipt of the subpoena, are attached hereto as Exhibit 8. These documents prove the service of subpoena duces tecum B-1-1MWVHNZ on November 4, 2024, and receipt of that subpoena by Respondent on November 6, 2024.

20. Section 11(1) of the Act, 29 U.S.C. § 161(1) and Section 102.31(b) of the Board's Rules and Regulations, 29 C.F.R. § 102.31(b), provide for a period of five days after receipt of a subpoena within which any person served with the subpoena may petition the Board in writing to revoke the subpoena. The subpoena duces tecum described above in paragraph 18 contains

language advising Respondent of its right to petition to revoke the subpoena. Respondent has not filed a petition to revoke the subpoena, and the time for filing a petition to revoke the subpoena has passed.

21. By U.S. regular mail and electronic mail message to President/Principal Jason Randolph and Registered Agent Victoria Shorten dated December 19, 2024, a Region 12 agent advised Respondent that it had not fully complied with subpoena duces tecum B-1-1MWVHNZ and that its failure to completely respond to each paragraph of the subpoena by December 23, 2024, would result in the filing of a subpoena enforcement proceeding in federal district court. Copies of the letters and electronic mail message are attached as Exhibit 9.

22. On December 19, 2024, an attorney purporting to represent Respondent called the Region 12 agent and requested until January 10, 2025, to respond. The Region 12 agent granted the request. The attorney has not filed a Notice of Appearance in Board Case 12-CA-341923 and Respondent did not respond by the requested deadline.

23. By electronical mail message dated January 15, 2025, a Region 12 agent contacted Respondent's legal representative regarding Respondent's failure to comply with the subpoena and provide evidence in response to the charge allegations. A copy of the January 15, 2025 electronic mail message is attached as Exhibit 10. Respondent's legal representative did not respond.

24. On January 23, 2025, a Region 12 agent called Respondent's legal representative, who requested until to January 27, 2024, to call back regarding the case. Counsel did not call the Region 12 agent.

25. On January 28, 2025, a Region 12 agent left a message for Respondent's legal representative regarding his failure to call back on January 27, 2025.

26. Respondent has failed and refused to appear and produce the subpoenaed documents and Respondent's Custodian of Records failed and refused to appear and testify at 10:00 a.m. on November 20, 2024 as required by the terms of subpoena duces tecum B-1-1MWVHNZ described above in paragraph 18, or at any time thereafter.

27. Respondent's failure and refusal to comply with the subpoena duces tecum described above in paragraph 18 constitutes contumacious conduct within the meaning of Section 11(2) of the Act, 29 U.S.C. § 161(2).

28. Respondent's failure and refusal to comply with the subpoena described above in paragraph 18 has impeded, and continues to impede, the Board in investigating the unfair labor practice charge in Case 12-CA-341923, and has prevented, and continues to prevent, the Board from investigating the unfair labor practice charge in accordance with the policy set forth in Section 1(b) of the Act, 29 U.S.C. § 151(b), and with the Board's functions and duties specified in Section 3(d) and 10(b) of the Act, 29 U.S.C. §§ 153(d) and 160(b).

WHEREFORE, the Applicant, National Labor Relations Board, respectfully prays:

(a)  That an Order to Show Cause issue forthwith directing Respondent to appear before this Court on a date certain to be fixed in said Order, and show cause, if any there be, why an order should not issue directing that: Respondent's Custodian of Records appear and give sworn testimony before a Board agent at the Board's Miami Resident Office, 51 SW 1st Avenue, Room 1320, Miami, Florida and produce the subpoenaed documents and make them available for inspection and copying by a Board agent at the Board's Miami Resident Office, as required by Board subpoena duces tecum no. B-1-1MWVHNZ.

(b) That the Applicant, National Labor Relations Board, be granted such other and further relief as may be necessary and appropriate.

No previous application has been made for the relief sought herein.

**NOTICE OF FURTHER GOOD FAITH EFFORT TO RESOLVE
THE ISSUES SET FORTH IN THE APPLICATION TO REQUIRE OBEDIENCE TO
SUBPOENAS DUCES TECUM**

Applicant states as follows:

1) On December 19, 2024, Counsel for Respondent contacted Counsel for Applicant by telephone and requested additional time to respond. Counsel for Applicant granted the request, as described above in paragraph 22 of the Application. On January 23, 2025, Counsel for Respondent informed Counsel for the Applicant that he would call back by January 27, 2025, regarding the charge and Counsel for the Applicant agreed, as described above in paragraph 24. However, Counsel for Respondent failed to call back. On February 10, 2025, Counsel for Respondent requested yet more time to respond to the subpoena. Counsel for the Applicant refused Respondent's request for additional time to comply with the subpoena but did agree to request dismissal of the Application for Order Requiring Obedience to Subpoena in the event Respondent produces the requested evidence. Thus, the parties have been unable to come to an amicable resolution.

2) Counsel for the Applicant submits that the statements above are true and correct and that Region 12 has conferred with all parties who may be affected by the relief sought in the Application in a good faith effort to resolve the issues raised in the Application and has been unable to do so.

**MEMORANDUM OF LAW**

**I. THE NATIONAL LABOR RELATIONS ACT AUTHORIZES THE BOARD TO ISSUE SUBPOENAS.**

Section 11(1) of the Act, 29 U.S.C. § 161(1) sets forth the Board's authority to issue investigative subpoenas. It states:

> Sec. 11.  For the purpose of all hearings and investigations, which, in the opinion of the Board, are necessary and proper for the exercise of the powers vested in it by section 9 and section 10 –

> The Board, or its duly authorized agents or agencies, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to any matter under investigation or in question. The Board, or any member thereof, shall upon application of any party to such proceedings, forthwith issue to such party subpoenas requiring the attendance and testimony of witnesses or the production of any evidence in such proceeding or investigation requested in such application. Within five days after the service of a subpoena on any person requiring the production of any evidence in his possession or under his control, such person may petition the Board to revoke, and the Board shall revoke, such subpoena if in its opinion the evidence whose production is required does not relate to any matter under investigation, or the matter in question in such proceedings, or if in its opinion such subpoena does not describe with sufficient particularity the evidence whose production is required. Any member of the Board, or any agent or agency designated by the Board for such purpose, may administer oaths and affirmations, examine witnesses, and receive evidence. Such attendance of witnesses and the production of such evidence may be required from any place in the United States or any Territory or possession thereof, at any designated place of hearing.

The courts have long upheld the statutory authority of administrative agencies, including the Board, to issue subpoenas. *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 208-211 (1946). The Board has investigative subpoena power in aid of pre-complaint investigations of unfair labor practices. *See NLRB v. North Bay Plumbing*, 102 F.3d 1005, 1007-1008 (9th Cir. 1996); *NLRB v. Carolina Food Processors*, 81 F.3d 507, 511 (4th Cir. 1996); *NLRB v. Anchor Rome Mills*, 197 F.2d 447, 449 (5th Cir. 1952).[1] The subpoena involved in this proceeding was issued by the Board and served upon Respondent pursuant to Section 11(1) of the Act, for the purpose of investigating an unfair labor practice charge.

Section 11 of the Act grants to the Board and its agents broad investigatory authority, including the power to subpoena any evidence that relates to any matter under investigation or in question. 29 U.S.C. § 161(1); *see NLRB v. Interstate Material Corp.*, 930 F.2d 4, 6 (7th Cir. 1991);

---

[1] *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (11th Circuit adopted all former 5th Cir. decisions through September 30, 1981, as binding precedent in the 11th Circuit).

*NLRB v. Steinerfilm, Inc.*, 702 F.2d 14, 15 (1st Cir. 1983). This broad subpoena power enables the Board "to get information from those who best can give it and who are most interested in not doing so." *United States v. Morton Salt Co.*, 338 U.S. 632, 642 (1950). If the Board's subpoena duces tecum reasonably relates to a matter under investigation or in question and contains a reasonably particular description of the evidence sought, then the federal district court is required to uphold the subpoena. *NLRB v. G.H.R. Energy Corp.*, 707 F.2d 110, 113 (5th Cir. 1982). The subpoenaed information is relevant if it is "not plainly incompetent or irrelevant to any lawful purpose." *Endicott Johnson Corp. v. P*erkins, 317 U.S. 501, 509 (1943); *see also NLRB v. Frederick Cowan & Co., Inc.*, 522 F.2d 26, 28 (2d Cir. 1975).

This power to issue subpoenas remains intact even in the absence of a three-member quorum. The adjudicative functions of the Board are distinct from the prosecutorial functions of the Board, which are authorized under Section 3(d) of the Act. Section 3(d) makes clear that the quorum provisions of Section 3(b) do not apply to non-adjudicative functions. The statute is clear that many of the Board's investigative or prosecutorial functions may be carried out by a single Board member or designee. Section 11(1) of the Act, for example, states that "any member" of the Board shall issue subpoenas, and "any member" or their designee "may administer oaths and affirmations, examine witnesses, and receive evidence."

There are many agency functions that, under the clear terms of the statute, may be carried out by a single member independent of a quorum and that these functions maybe delegated. In *NLRB v. John S. Barnes Corp.*, 178 F.2d 156, 159 (7th Cir. 1950), for example, the Board delegated to the Acting General Counsel the Power to issue investigative subpoenas as incidental to the prosecution of unfair labor practices, citing Section 1(b), 5, 6, and 11(1aa) of the Act. In *NLRB v. Duval Jewelry Co. of Miami*, 357 U.S. 1, 7-8 (1958), the Supreme Court approved the Board's

delegation to hearing officers to make preliminary rulings on motions to revoke subpoenas, a quasi-adjudicatory function. The Court noted, "[n]o matter how strict or stubborn the statutory requirement may be, the law does not "preclude practicable administrative procedure in obtaining the aid of assistants in the department." *Duval Jewelry*, 358 U.S. at 8 (quoting *Morgan v. United States*, 297 U.S. 468, 481 (1936)). Therefore, it is clear that the Board may delegate power to issue subpoenas, and that the continuing delegation of this power is not dependent on a three-member quorum.

Subpoena duces tecum B-1-1MWVHNZ seeks documents relevant to the merits of the charge. These documents are relevant to the investigation because they will materially aid the Regional Director for Region 12 of the Board in making his determination as to whether or not the charge has merit. See *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186 at 214 (1946); *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501 (1943); *NLRB v. Northern Trust Co.*, 56 F.Supp. 335, 337-338 (D.C. Ill. 1944), affd. 148 F.2d 24, 27 (7th Cir. 1945). For these reasons, the Court should enforce subpoena duces tecum no. B-1-1MWVHNZ.

## II.  THE NATIONAL LABOR RELATIONS ACT AUTHORIZES THE COURT TO ENFORCE THE BOARD'S SUBPOENAS.

Section 11(2) of the Act, 29 U.S.C. § 161(2) sets forth the Court's authority to enforce the Board's subpoenas.  It states:

> Sec. 11.  For the purpose of all hearings and investigations, which, in the opinion of the Board, are necessary and proper for the exercise of the powers vested in it by section 9 and section 10 –
>
> (2)  In case of contumacy or refusal to obey a subpoena issued to any person, any United States district court or the United States courts of any Territory or possession, or the District Court of the United States for the District of Columbia, within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or resides or transacts business, upon application by the Board shall have jurisdiction to issue to such person an order requiring such person to appear before the Board, its member,

agent, or agency, there to produce the evidence if so ordered, or there to give the testimony touching the matter under investigation or in question; and any failure to obey such order of the court may be punished by said court as a contempt thereof.

This dispute involves the Board's investigation of an unfair labor practice charge against Respondent, with respect to work performed by Respondent's employees at 550 Biltmore Way, Coral Gables, Florida. Accordingly, pursuant to Section 11(2) of the Act, this Court has jurisdiction over the dispute, and the authority to enforce the Board's subpoena. See *NLRB v. Line*, 50 F.3d 311, 313-314 (5th Cir. 1995); *NLRB v. Alaska Pulp Corp.*, 149 LRRM 2682, 2684 (D.D.C. 1995).

### III. A BOARD'S SUBPOENA IS SUBJECT TO EXTREMELY LIMITED REVIEW.

A Board's subpoena is subject to extremely limited judicial review. A district court is required to uphold a subpoena if the evidence sought relates to a matter under investigation or in question, and if the evidence is described with sufficient particularity. See *NLRB v. G.H.R. Energy Corp.*, 707 F.2d 110, 113 (5th Cir. 1982); *NLRB v. Frazier*, 966 F.2d 812, 815 (3d Cir. 1992).

### IV. THE SUBPOENAED DOCUMENTS AND TESTIMONY ARE RELEVANT TO THE REGIONAL DIRECTOR'S INVESTIGATION OF THE ALLEGED UNFAIR LABOR PRACTICE CHARGE IN CASE 12-CA-341923 AND THEREFORE RESPONDENT SHOULD BE ORDERED TO OBEY THE SUBPOENA.

All of the subpoenaed documents are described with sufficient particularity. The documentary evidence sought in subpoena duces tecum B-1-1MWVHNZ and the testimony sought from Respondent's Custodian of Records concerning the subpoenaed documents are relevant to the Regional Director's determination as to whether or not Respondent is a successor employer that failed and refused to recognize the Charging Party as the collective bargaining representative of its employees employed at 550 Biltmore Way, Coral Gables, in violation of Section 8(a)(5) of the Act, 29 U.S.C. § 158(a)(5), as alleged in the charge in Case 12-CA-341923.

**V. CONCLUSION**

In summary, the subpoenaed information is relevant to the issue of whether Respondent is a successor employer that violated the Act by failing and refusing to recognize the Charging Party as the collective bargaining representatives of its employees at 550 Biltmore Way, Coral Gables, Florida, in violation of Section 8(a)(5) of the Act, 29 U.S.C. § 158(a)(5). The subpoenaed documents are described with sufficient particularity, the Board has authority to issue investigative subpoenas, and the Court has authority to enforce the Board's subpoenas. Respondent was properly served with the subpoena, failed to petition to revoke the subpoena, and failed and refused to fully comply with the subpoena. For these reasons, the Applicant respectfully asks this Court to grant the Petitioner's Application and issue an order requiring Respondent to obey the subpoena in the manner set forth in the prayer for relief in the Application.

Dated at Miami, Florida, this 11th day of January, 2025.

NATIONAL LABOR RELATIONS BOARD

By:
/s/ Marinelly Maldonado
Marinelly Maldonado, Attorney
Florida Bar No. 804851
National Labor Relations Board, Region 12
51 SW 1st Avenue, Room 1320
Miami, Florida 33130
Telephone No. (786) 812-7989
Facsimile No. (305) 536-5320
marinelly.maldonado@nlrb.gov
Attorney for Applicant

## **CERTIFICATE OF SERVICE**

      I hereby certify that Counsel for the Applicant's Application for Order Requiring Obedience to Subpoena Duces Tecum and Memorandum of Law, in the matter of National Labor Relations Board v. One Lifestyle Management, LLC, was electronically filed with the Clerk of Court for the United States District Court Southern District of Florida using the Court's CM/ECF system and served by electronic mail upon the below listed parties on this 11th day of January, 2025.

David Michael Vogel
Vogel Law Firm & Title
6966 Griffin Road
Davie, FL 33314-4345
david@lawofdavid.com

                                            /s/ Marinelly Maldonado
                                            _____
                                            Marinelly Maldonado, Attorney
                                            Florida Bar No. 804851
                                            National Labor Relations Board, Region 12
                                            51 SW 1st Ave, Room 1320
                                            Telephone No (305) 530-7034
                                            Facsimile No. (305) 536-5320
                                            marinelly.maldonado@nlrb.gov
                                            Counsel for the Applicant